<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 UNITED STATES COURT OF APPEALS
                     FOR THE FIRST CIRCUIT
                      ____________________

No. 97-1738

              BETHLEHEM STEEL EXPORT CORPORATION,

                     Plaintiff, Appellant,

                               v.

              REDONDO CONSTRUCTION CORP., ET AL.,

                     Defendants, Appellees.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Daniel R. Domnguez, U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

                 Bownes, Senior Circuit Judge,

                   and Stahl, Circuit Judge.

                     _____________________

   Juan A. Ramos-Daz, for appellant.
   Javier A. Morales-Ramos, for appellee American International
Insurance Company of Puerto Rico.
   Stuart A. Weinstein-Bacal, with whom David C. Indiano and
Indiano, Williams & Weinstein-Bacal, were on brief for appellee
Redondo Construction Corp.

                      ____________________

April 3, 1988                    
                      ____________________

         TORRUELLA, Chief Judge.  Plaintiff Bethlehem Steel Export
Corporation ("Bethlehem") seeks to recover on a construction
payment bond executed by defendants Redondo Construction
Corporation ("Redondo") and its surety, American International
Insurance Company of Puerto Rico ("American International"),
pursuant to Law 388, P.R. Laws Ann. tit. 22,  47 et seq., which
requires every public works contractor to post a bond to secure the
payment of materials used by the general contractor and
subcontractors.
         Redondo, the principal contractor for the construction of
a portion of the Expreso de Diego, P.R. Highway 22, between
Barceloneta and Manat ("Expreso de Diego"), Puerto Rico, paid
Transcontinental Steel Company ("Transco") in full for steel
Transco had acquired from Bethlehem.  On defendants' renewed motion
for summary judgment, the district court found that Transco was not
a subcontractor, but rather a mere material supplier to Redondo
during the construction of the Expreso de Diego.  Accordingly, the
district court determined that Bethlehem was not entitled to
protection under Law 388 for certain materials supplied to Transco.  
We affirm.
                         I.  BACKGROUND     In October 1990, Redondo entered into a written contract
with the Puerto Rico Highway Authority for the construction of the
Expreso de Diego.  Redondo and its bonding company, American
International, executed and delivered to the Highway Authority a
construction payment bond pursuant to Law 388, which was modeled
after the Miller Act, 40 U.S.C.  270, et seq.  Thereafter, Transco
supplied Redondo with the structural steel required for the
construction project.  Redondo paid Transco in full for the steel.  
Transco had originally acquired the fabricated steel from
Bethlehem, but it went bankrupt and failed to pay Bethlehem for the
steel.  Bethlehem seeks payment for the steel under the bond
executed by Redondo and American International in accordance with
Law 388.  The primary issue on appeal is whether Transco was a
subcontractor of Redondo, thus entitling Bethlehem to the
protection of Law 388, or simply a material supplier to Redondo,
which would leave Bethlehem without recourse to the bond.
         Prior to filing the renewed motion for summary judgment
before us, defendants had sought summary judgment on two different
occasions, but both times Judge Juan M. Prez-Gimnez had denied
the motions.  The case was reassigned to Judge Daniel R. Domnguez
and, after further discovery, the district court referred
defendants' renewed motion for summary judgment to a magistrate
judge.  The magistrate judge recommended granting summary judgment
in favor of defendants.  The district court reached the same
conclusion as the magistrate judge, although on different grounds.  
The district court determined that Transco was merely a material
supplier, and hence Bethlehem was not entitled to protection under
Law 388. Bethlehem appeals.
                        II.  DISCUSSION     We review de novo a district court's grant of summary
judgment.  See Pine Tree Med. Assoc. v. Secretary of HHS, 127 F.3d
118, 120 (1st Cir. 1997).
         A.   Definition of "Subcontractor" Under Law 388
         As a threshold matter, we agree with the district court
that, although Law 388 was modeled after the federal Miller Act, it
differs from the federal statute in one crucial respect:  Puerto
Rico's legislation, unlike the Miller Act, expressly defines the
term "subcontractor."  According to the official English
translation of Law 388, "'subcontractor' -- includes any person or
persons who, as independent contractors, do any part of the work
awarded to the contractor."  P.R. Laws Ann. tit. 22,  58 (official
translation).  The original Spanish version reads,
"'[s]ubcontratista' -- incluye a cualquier persona o personas que,
como contratista independiente, ejecute cualquier parte de la obra
adjudicada al contratista."  P.R. Law Ann. tit. 22,  58.
         Bethlehem argues that the district court erroneously
relied on the official translation of "ejecute cualquier parte de
la obra," and read the phrase as "do any part of the work."  
According to Bethlehem, such a reading does not comport with the
meaning of "execute," the literal translation of "ejecute," and of
"work" as defined in Black's Law Dictionary (6th ed. 1990).  
Bethlehem contends that, if the district court had adopted this
intended meaning of the phrase, it would have found that Transco
did fall within Law 388's definition of subcontractor.  We reject
Bethlehem's argument outright.
         As the district court noted, the operative word in the
definition of subcontractor is the word "obra," translated as
"work."  The statute explicitly defines "work" as "any
construction, reconstruction, alteration, extensions, or
improvements, made under a contract awarded to a contractor by the
Commonwealth of Puerto Rico."  P.R. Laws Ann. tit. 22,  58
(official translation).  Thus, we need not turn to Black's Law
Dictionary or any other secondary source to determine the meaning
of the term.  We can simply look to the definition in the statute.  
The record reflects that Redondo paid Transco not only to supply
the steel, but also to unload it off the docks onto flatbed
trailers for delivery to the construction site.  Bethlehem avers
that, for logistical reasons, Transco did not unload the steel onto
flatbed trucks, but rather placed it directly onto the docks.  
However, even assuming arguendo that Transco did unload the steel
onto Redondo's trucks, the labor involved in completing the
delivery of construction materials is not considered "work" under
Law 388.  Transco did not make "any construction, reconstruction,
alteration, extensions, or improvements," id., under Redondo's
general contract with the Highway Authority.  Consequently, under
Law 388, Transco was a mere materials supplier to Redondo rather
than a subcontractor.
         B.   District Court's Earlier Rulings
         Bethlehem argues that Judge Domnguez committed
reversible error in failing to follow Judge Prez-Gimnez' prior
rulings on Redondo and American International's motions for summary
judgment.  In short, Bethlehem's contention is that the district
court's prior rulings constitute the "law of the case."  However,
"[i]n this circuit the 'law of the case' doctrine has not been
construed as an inflexible straightjacket that invariably requires
rigid compliance with the terms of the mandate."  Northeast Util.
Serv. Co. v. FERC, 55 F.3d 686, 688 (1st Cir. 1995).  We do not
find the "law of the case" doctrine to preclude any reconsideration
of an issue already settled.  See Prez-Ruiz v. Crespo-Guilln, 25
F.3d 40, 42 (1st Cir. 1994).  Even if the doctrine posed an
absolute bar to reconsideration, in the instant case, the denial of
the summary judgment motions do not constitute the law of the case.  
See id. ("[i]nterlocutory orders, including denials of motions to
dismiss, remain open to trial court reconsideration, and do not
constitute the law of the case").  Accordingly, Judge Domnguez did
not err in granting appellees' renewed motion for summary judgment
once he was assigned the case.
                       III.  CONCLUSION
         For the foregoing reasons, we affirm the opinion and
order of the district court.

</body>

</html>